**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 14-34232 |
| CONCEPTS AMERICA, INC. ) | |
| ) | Honorable Pamela S. Hollis |
| Debtor. ) | |
| ) | Chapter 7 |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on **Thursday, September 3, 2015 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Pamela S. Hollis, or any judge sitting in her stead, in Room 644 of the United States Courthouse 219 S. Dearborn Street, Chicago, Illinois 60604, and then and there present the ***Routine Joint Motion For Rule 2004 Examination***, a copy of which is hereby served upon you.

Dated: August 27, 2015                              Respectfully submitted,

                                                    **BRIAN AUDETTE, CHAPTER 7 TRUSTEE**

                                                    By:    /s/ Matthew E. McClintock

                                                    Matthew E. McClintock, Esq.
                                                    Daniel Curth, Esq.
                                                    Sean P. Williams, Esq.
                                                    **GOLDSTEIN & MCCLINTOCK LLLP**
                                                    208 South LaSalle Street, Suite 1750
                                                    Chicago, Illinois 60604
                                                    Telephone: (312) 337-7700
                                                    Facsimile: (312) 277-2305
                                                    e-mail: mattm@restructuringshop.com

                                                    *Proposed Counsel to the Trustee*

# **CERTIFICATE OF SERVICE**

I, Matthew E. McClintock, the undersigned attorney, hereby certify that on August 27, 2015, I caused a copy of the ***Routine Joint Motion For Rule 2004 Examination*** to be served upon the following parties as indicated below.

    /s/ Matthew E. McClintock

Matthew E. McClintock, Esq.
**GOLDSTEIN & MCCLINTOCK LLLP**
208 South LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2305
e-mail: mattm@restructuringshop.com

## **VIA CM/ECF**

Brian Audette
baudette@perkinscoie.com, IL32@ecfcbis.com

Zoran Balac on behalf of Petitioning Creditor Lincoln ASB Colorado Center, LLC
zoranb@restructuringshop.com

Ryan W Blackney on behalf of Petitioning Creditor CJUF III McCaffery Roosevelt Retail, LLC
rblackney@freebornpeters.com

Thomas R. Fawkes on behalf of Petitioning Creditor CJUF III McCaffery Roosevelt Retail, LLC
tomf@restructuringshop.com

Richard H Fimoff on behalf of Alleged Debtor Concepts America, Inc.
rfimoff@rsplaw.com, fb@rsplaw.com

Douglas C. Giese on behalf of Petitioning Creditor Galleria Mall Investors LP
dgiese@querrey.com, dcgiese@hotmail.com

Karen Hart on behalf of Petitioning Creditor Galleria Mall Investors LP
khart@bellnunnally.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Matthew E. McClintock on behalf of Petitioning Creditor Lincoln ASB Colorado Center, LLC
mattm@restructuringshop.com,
teresag@restructuringshop.com;seanw@restructuringshop.com;harleyg@restructuringshop.com

Lartease Tiffith on behalf of Petitioning Creditor Lincoln ASB Colorado Center, LLC
larteaset@goldmclaw.com, seanw@restructuringshop.com;teresag@restructuringshop.com

**VIA FIRST CLASS U.S. MAIL**

Boca Chica, LLC
Attn: Melnick, Melissa
371 Elm Avenue
Tequesta, FL 33469

1650 Restaurant Inc.
Attn: Spiegel & Utrera, P.A.
1840 SW 22nd St.
4th Floor
Miami, FL 33145

820 West Jackson LLC
Attn: Allen B. Glass
55 E. Jackson Blvd. #500
Chicago, IL 60604

Lake Restaurant + Bar LLC d/b/a Lake Street Kitchen and Bar
Attn: Rachel Dennis
1129 Augusta St.
Oak Park, IL 60302

111 South Wacker LLC
Attn: Illinois Corp. Serv. Co.
801 Adlai Stevenson Dr.
Springfield, IL 62703

38-44 West Monroe LLC
Attn: Sears, Charles A
2011 Gibson Road
Jacksonville, FL 32207

Café Build LLC
Attn: Richard D Allen
1841 E Levee Street
Dallas TX 75207

Northwood PL Holdings LLC
8070 Park LN, Ste 128
Dallas, TX  75231-6415

The Park Grill, Inc.
Attn: Lewis R. Baron
55 E. Monroe St., Ste. 4100
Chicago, IL 60603

Thatcher Oaks, Inc.
Attn: James Patten
718 Industrial Dr.
Elmhurst, IL 60126

First Midwest Bank
3800 Rock Creek Blvd.
Joliet, IL 60431

BMO Harris Bank
180 N. Executive Dr.
3rd Floor
Brookfield Wisconsin, 53005

Northbrook Bank
1100 Waukegan
Northbrook, IL 60062

JP Morgan Chase Bank
340 S. Cleveland Ave
Westerville, OH 43081

Republic Bank, as successor to Edgebrook Bank
2221 Camden Ct
Oak Brook, IL 60523

Robbins Salomon & Patt LTD
180 N Lasalle St #3300
Chicago, IL 60601

Worldpay US, Inc.
600 Morgan Falls Rd
Atlanta, GA 30350

American Express Bank FSB
c/o Becket and Lee LLP
POB 3001Malvern PA
19355-0701

American Express Company

4845-4279-7607, v. 3

4315 South 2700 West
Salt Lake City, Utah 84184

Roger and Jennifer Greenfield
555 Waters Edge Court
Northbrook, IL 60062

Roger Greenfield as the Trustee of the Roger Greenfield Revocable Trust
555 Waters Edge Court
Northbrook, IL 60062
Rodd Goldman
1840 Pickwick Avenue
Glenview, IL 60026

Rachel Dennis
1840 Pickwick Avenue
Glenview, IL 60026

To the following entities at 1840 Pickwick Avenue, Glenview, IL 60026, Attn: Ted Kasemir:

Restaurants-America Consulting Group, Inc.
Restaurants-America Trademark, Inc.
Restaurants America Management, LLC
Concepts Restaurant Management, LLC
Concepts Restaurant Holding, LLC
RDG Chicago Trademark, Co.
701 America, Inc.
1840 Pickwick, LLC
Smith & Wells, LLC
33 Restaurant, Inc.
Midtown Kitchen & Bar, Inc.
Bluepoint Hollywood, Inc.  f/k/a Bluepoint Ft. Lauderdale, Inc.
111 Wacker Restaurant Corp.
One North, Inc., Attn. Rodd Goldman
1645 W. Jackson Inc.
Hi Line Restaurant, LLC
Rosemont Restaurant, LLC
Park Grill, LLC
Prime Bar America, Inc.
Prime Bar America, L.L.C.
Prime Bar Chicago LLC
Prime Bar Tampa, L.L.C.
Prime Bar Minneapolis LLC
Restaurant Construction, Inc
Wells Street Restaurants LLC
Bar Louie, Inc. (Closed Louie, Inc.);

Bar Louie Fort Myers, Inc. (767 Fort Myers, Inc.);
Bar Louie Dearborn, Inc. (Closed Dearborn, Inc.);
Bar Louie Evanston, Inc. (436 Evanston, Inc.);
Bar Louie Taylor, Inc. (443 Taylor, Inc.);
Bar Louie Naperville, Inc. (460 Naperville, Inc.);
Bar Louie Waterfront, Inc. (465 Waterfront, Inc.);
Bar Louie Hyde Park, Inc. (466 Hyde Park, Inc.);
Bar Louie Pittsburgh, Inc. (475 Pittsburgh, Inc.);
Bar Louie Easton, Inc. (478 Easton, Inc.);
Bar Louie Newport, Inc. (479 Newport, Inc.);
Bar Louie Tampa, Inc. (490 Tampa, Inc.);
Bar Louie St. Louis, Inc. (583 St. Louis, Inc.);
Bar Louie Grand Rapids, Inc.;
Bar Louie Cleveland, Inc. (787 Cleveland, Inc.);
Bar Louie Flint, Inc. (Sold Flint, Inc.);
Bar Louie Water Street, Inc. (593 Waterstreet, Inc.);
Bar Louie Denver, Inc. (750 Denver, Inc.);
Bar Louie Milwaukee, Inc. (754 Milwaukee, Inc.);
Bar Louie Kirkwood, Inc. (589 Kirkwood, Inc.);
Bar Louie Dayton, Inc. (597 Dayton, Inc.);
Bar Louie DC, Inc.;
Bar Louie Ann Arbor, Inc.;
Bar Louie Bolingbrook, Inc. (769 Bolingbrook, Inc.);
Bar Louie Laurel Park, Inc.;
Bar Louie Westminster, Inc.;
Bar Louie Clinton, Inc. (774 Clinton, Inc.);
Bar Louie Buffalo, Inc. (755 Buffalo, Inc.);
Bar Louie Boynton Beach, Inc. (761 Boynton Beach, Inc.);
Bar Louie Anaheim, Inc. (762 Anaheim, Inc.);
Bar Louie Orlando, Inc. (776 Rename Orlando, Inc.);
Bar Louie Southglenn, Inc. (780 Southglenn, Inc.);
East Coast Restaurants, Inc.
Stonefish Grill Richmond, Inc.
Bluepoint Ocean Grill
The Grillroom Westmont, Inc.
The Grillroom Chophouse & Winebar
Twisted Fork
Central Standard Dallas
Chica Loca LLC
Long Bar Denver LLC
Park Lane Retail
Park Tavern Dallas
Park Tavern Rosemont
Prime Bar Greenway LLC (Townhouse Paramus, LLC)
Prime Bar Gulfstream L.L.C.
Prime Bar Tampa, L.L.C.

Prime Bar Wiregrass
Prime Bar Denver, L.L.C.
Prime Bar Arcadia, LLC
Red Star America, Inc.
Red Star Glenview, Inc.
Red Star Newport News, Inc.
Red Star Tavern Louisville
Red Star Virginia Beach, Inc.
Restaurant Development Group
Restaurant Programs of America
Restaurants America, Inc.
Town House Restaurant
Townhouse Baltimore LLC
Townhouse Sherman Oaks
Wildcat Mockingbird LLC
Ted Kasemir

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| CONCEPTS AMERICA, INC, | ) | Case No.  14-34232 |
|  | ) |  |
| Debtor. | ) | Honorable Judge Hollis |
|  | ) |  |
| _____ | ) | **Hearing:  September 3, 2015 at 10:00 a.m.** |

### ROUTINE JOINT MOTION FOR RULE 2004 EXAMINATION

NOW JOINTLY COME Chapter 7 Trustee Brian Audette ("*Trustee*"), by and through his attorneys, Matthew McClintock and Daniel Curth of the law firm of GOLDSTEIN & MCCLINTOCK LLLP and Creditor Galleria Mall Investors, LP ("*Galleria*"), by and through its attorneys, Douglas C. Giese and the law firm of QUERREY & HARROW, LTD., and Karen L. Hart and the law firm of BELL NUNNALLY & MARTIN LLP, and as and for their Routine Joint Motion to conduct an examination, pursuant to rule 2004 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Section 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), and rule 9013-9 of the Local Rule of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*"), seek to obtain documents from and/or conduct examinations of each of the parties identified below.  In support of their Motion, Trustee and Galleria (collectively, "*Movants*") respectfully state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicates for relief requested herein are Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2004.

5. This Motion is a "routine motion" pursuant to Local Rule 9013-9(A)(10).

6. The relief requested is being timely and properly presented to this Court pursuant to Bankruptcy Rule 9006(b)(1).

## RELEVANT FACTS AND BACKGROUND

1. On September 19, 2014 (the "*Petition Date*"), an involuntary chapter 7 petition was filed for Concepts America, Inc. ("*Concepts*" or the "*Debtor*") pursuant to Chapter 7 of the Bankruptcy Code. The Debtor consented to the petition on November 18, 2014, and the Trustee was appointed on January 27, 2015.

2. Based on limited discovery obtained to date, it appears that the Debtor was, until some months before the Petition Date, the head of a restaurant group that includes a number of successful and well-known restaurants – such as Grill Room, One North, Prime Bar, Park Tavern Townhouse, Bluepoint, and Red Star, among others, with each concept typically having multiple locations in multiple cities across the country. The Debtor is owned by two individuals – Roger Greenfield and Ted Kasemir.

3. Prior to the Petition Date, millions of dollars in receipts from the associated restaurants flowed into the Debtor's bank accounts on a monthly basis, and Greenfield and Kasemir used the funds to pay the associated expenses of the various restaurants as well as pay themselves. When new restaurants were opened, Greenfield and Kasemir had the Debtor guaranty the leases, issuing financial statements that showed the Debtor owning numerous profitable restaurants. Greenfield and Kasemir orchestrated this same scheme over and over again – opening up restaurants all over the country and when a restaurant became unprofitable,

Greenfield and Kasemir would simply close down that location, often leaving the restaurant's creditors empty-handed.

4.   As defaults mounted, however, and creditors began to obtain judgments against the Debtor, things changed.  First, overnight, the deposits that had been flowing into the Debtor's bank accounts completely disappeared – presumably now routed to a new entity unknown to the Debtor's creditors.  Second, the Debtor now claims that it did not in fact own the vast majority of the restaurants it had previously held itself out as owning.  Hence, when creditors obtained judgments against what they understood to be a financially solid guarantor, they found they were suddenly pursuing a shell company with what the Debtor now claimed were little to no assets.  The involuntary bankruptcy followed, and according to the Debtor's schedules, the Debtor has $0 in assets and well over $12 million in liabilities.

5.   More troubling, there appears to be a pattern here. Restaurant Development Group, Inc. ("*RDG*") was, as a practical matter, the Debtor's predecessor – an entity with the same basic ownership structure (*i.e.*, basically Roger Greenfield and Ted Kasemir) and that was the "face" of the restaurant group.  As here, RDG held itself out to be the owner of numerous restaurants, it served as the guarantor on the leases for these restaurants, it racked up huge debts when these leases went into default, and then allegedly transferred assets to avoid creditor claims.  Although it appeared that RDG was once profitable and had assets sufficient to pay all or at least some of the lease guarantees, RDG allegedly transferred substantially all of its assets out of reach of its creditors.  RDG, like Concepts America, ended up in a Chapter 7 bankruptcy proceeding and, following litigation commenced in 2007 by the Chapter 7 Trustee, the principals of RDG (*i.e.*, Greenfield and Kasemir) along with RDG's accountant and attorneys settled the

litigation for approximately $8,400,000.  *See In re Restaurant Development Group, Inc.*, Case No. 07-00592 (Bankr. N.D. Ill.) [Docket No. 347].

6. To a significant degree, history appears to have repeated itself, with the same restaurant ownership group apparently moving assets away from the Debtor, through and into the hands of other entities and other individuals, apparently to avoid the reach of Debtor's numerous creditors.  Although limited post-judgment discovery conducted by individual creditors has already raised significant concerns about the transactions that led to the bankruptcy, substantial additional discovery, and a central investigation, is needed.  Creditors need a full picture of what occurred pre-petition.  And if that investigation reveals causes of action that can be pursued for the benefit of the creditors who, at this point, are looking at no recovery on over $12 million in claims – those claims need to be pursued expeditiously.

## **RELIEF REQUESTED**

7. Movants request that the Court enter an order pursuant to Bankruptcy Rule 2004 granting the Trustee leave to issue subpoenas for the purpose of discovering matters relating to the acts, conduct, or property, or to the liabilities and financial condition of the Debtor, and/or to any matter that may affect the administration of Debtor's bankruptcy estate, and directing Recipient Parties (as defined below) to, as applicable:

> (a) appear (if the Recipient Party is an individual) or cause a representative who consents to testify on the Recipient Party's behalf and who is most able to answer questions regarding the matters listed on **Exhibit "A"** to appear (if the Recipient Party is an entity) for examination at the date and time indicated on the subpoena, which date and time shall be **within no less than fifteen (15) days following the receipt of any subpoena issued pursuant to this order** at the office of Daniel Curth, Goldstein & McClintock LLLP, 208 S. LaSalle Street, Suite 1750, Chicago, Illinois 60604 (or at such other time and place to which the parties agree), with any such examination continuing from day-to-day until completed; and/or

  (b)  produce, **within twenty (20) days following the receipt of any subpoena issued pursuant to this order** at the office of Daniel Curth, Goldstein & McClintock LLLP, 208 S. LaSalle Street, Suite 1750, Chicago, Illinois 60604, to Movants the items, documents and tangible things described in **Exhibit "B"** attached hereto for inspection and copying.

8.  The first group of entities that the Trustee seeks leave to issue subpoenas to (collectively referred to as the "*Restaurant Deponents*") is comprised of the following entities – all restaurant-related entities that are believed to have been affiliated with the Debtor and/or its restaurant group:

  a)  Restaurants-America Consulting Group, Inc.;
  b)  Restaurants-America Trademark, Inc.;
  c)  Restaurants America Management, LLC;
  d)  Concepts Restaurant Management, LLC;
  e)  Concepts Restaurant Holding, LLC;
  f)  RDG Chicago Trademark, Co.;
  g)  701 America, Inc.;
  h)  1840 Pickwick, LLC;
  i)  Smith & Wells, LLC;
  j)  33 Restaurant, Inc.;
  k)  Midtown Kitchen & Bar, Inc.;
  l)  Bluepoint Hollywood, Inc. f/k/a Bluepoint Ft. Lauderdale, Inc.;
  m)  111 Wacker Restaurant Corp.;
  n)  One North, Inc.;
  o)  1645 W. Jackson Inc.;
  p)  Boca Chica, LLC;
  q)  Hi Line Restaurant, LLC;
  r)  Rosemont Restaurant, LLC d/b/a Park Tavern Rosemont;
  s)  1650 Restaurant Inc. d/b/a Park Tavern Chicago;
  t)  Park Grill, LLC;
  u)  Prime Bar America, Inc.;
  v)  Prime Bar America, L.L.C.;
  w)  Prime Bar Chicago, LLC;
  x)  Prime Bar Tampa, L.L.C.;
  y)  Prime Bar Minneapolis, LLC;
  z)  820 West Jackson LLC d/b/a Tap Works Tavern;
  aa)  Lake Restaurant + Bar LLC d/b/a Lake Street Kitchen and Bar;
  bb)  Restaurant Construction, Inc.;
  cc)  Wells Street Restaurants LLC d/b/a Central Standard;
  dd)  111 South Wacker LLC;
  ee)  38 West Monroe LLC;

| | |
|---|---|
| ff) | Bar Louie, Inc. (Closed Louie, Inc.); |
| gg) | Bar Louie Fort Myers, Inc. (767 Fort Myers, Inc.); |
| hh) | Bar Louie Dearborn, Inc. (Closed Dearborn, Inc.); |
| ii) | Bar Louie Evanston, Inc. (436 Evanston, Inc.); |
| jj) | Bar Louie Taylor, Inc. (443 Taylor, Inc.); |
| kk) | Bar Louie Naperville, Inc. (460 Naperville, Inc.); |
| ll) | Bar Louie Waterfront, Inc. (465 Waterfront, Inc.); |
| mm) | Bar Louie Hyde Park, Inc. (466 Hyde Park, Inc.); |
| nn) | Bar Louie Pittsburgh, Inc. (475 Pittsburgh, Inc.); |
| oo) | Bar Louie Easton, Inc. (478 Easton, Inc.); |
| pp) | Bar Louie Newport, Inc. (479 Newport, Inc.); |
| qq) | Bar Louie Tampa, Inc. (490 Tampa, Inc.); |
| rr) | Bar Louie St. Louis, Inc. (583 St. Louis, Inc.); |
| ss) | Bar Louie Grand Rapids, Inc.; |
| tt) | Bar Louie Cleveland, Inc. (787 Cleveland, Inc.); |
| uu) | Bar Louie Flint, Inc. (Sold Flint, Inc.); |
| vv) | Bar Louie Water Street, Inc. (593 Waterstreet, Inc.); |
| ww) | Bar Louie Denver, Inc. (750 Denver, Inc.); |
| xx) | Bar Louie Milwaukee, Inc. (754 Milwaukee, Inc.); |
| yy) | Bar Louie Kirkwood, Inc. (589 Kirkwood, Inc.); |
| zz) | Bar Louie Dayton, Inc. (597 Dayton, Inc.); |
| aaa) | Bar Louie DC, Inc.; |
| bbb) | Bar Louie Oak Park, Inc. (753 Oak Park, Inc.); |
| ccc) | Bar Louie Ann Arbor, Inc.; |
| ddd) | Bar Louie Bolingbrook, Inc. (769 Bolingbrook, Inc.); |
| eee) | Bar Louie Laurel Park, Inc.; |
| fff) | Bar Louie Westminster, Inc.; |
| ggg) | Bar Louie Clinton, Inc. (774 Clinton, Inc.); |
| hhh) | Bar Louie Buffalo, Inc. (755 Buffalo, Inc.); |
| iii) | Bar Louie Boynton Beach, Inc. (761 Boynton Beach, Inc.); |
| jjj) | Bar Louie Anaheim, Inc. (762 Anaheim, Inc.); |
| kkk) | Bar Louie Orlando, Inc. (776 Rename Orlando, Inc.); |
| lll) | Bar Louie Southglenn, Inc. (780 Southglenn, Inc.); |
| mmm) | East Coast Restaurants, Inc.; |
| nnn) | Bluepoint Toledo, Inc.; |
| ooo) | Stonefish Grill Richmond, Inc.; |
| ppp) | Bluepoint Ocean Grill; |
| qqq) | Café Build LLC; |
| rrr) | The Grillroom; |
| sss) | The Grillroom Chophouse & Winebar; |
| ttt) | Hines One North Wacker LP; |
| uuu) | Northwood PL Holdings LLC; |
| vvv) | Twisted Fork; |
| www) | Central Standard Dallas; |
| xxx) | Chica Loca Chicago; |
| yyy) | Long Bar Denver; |

4845-4279-7607, v. 3

zzz)   Mockingbird Tap Room;
aaaa)  Park Grill, Inc.;
bbbb)  Park Lane Retail;
cccc)  Park Tavern Dallas;
dddd)  Park Tavern Rosemont;
eeee)  Prime Bar Greenway, LLC;
ffff)  Prime Bar Gulfstream;
gggg)  Prime Bar Scottsdale LLC;
hhhh)  Prime Bar Tampa, LLC;
iiii)  Prime Bar Wiregrass;
jjjj)  Prime Bar Denver;
kkkk)  Prime Bar Arcadia, LLC;
llll)  Red Star America;
mmmm)  Red Star Glenview, Inc.;
nnnn)  Red Star Newport News, Inc.;
oooo)  Red Star Tavern Louisville;
pppp)  Red Star Virginia Beach, Inc.;
qqqq)  Restaurant Development Group;
rrrr)  Restaurant Programs of America;
ssss)  Restaurants America, Inc.;
tttt)  Thatcher Oaks, Inc.;
uuuu)  Town House Restaurant;
vvvv)  Townhouse Baltimore LLC;
wwww)  Townhouse Sherman Oaks; and
xxxx)  Wildcat Mockingbird LLC.

9. The second group of entities that the Trustee seeks leave to issue subpoenas to (collectively referred to as the "*Bank Deponents*") is comprised of the following entities: (a) JPMorgan Chase Bank, N.A.; (b) Popular Community Bank; (c) First Midwest Bank; (d) Northbrook Bank; (e) BMO Harris Bank, N.A.; and (f) Edgebrook Bank. The Bank Deponents are banks that are believed to hold various financial documents related to Debtor.

10. The third party that the Trustee seeks leave to issue a subpoena to is the law firm of Robbins, Salomon & Patt, Ltd. (the "*Law Firm Deponent*") which may have information pertaining to Debtor.

11. The fourth group of entities that the Trustee seeks leave to issue subpoenas to (collectively referred to as the "*Individual Deponents*") is comprised of the following

individuals: (a) Rachel Dennis; (b) Theodore "Ted" Kasemir; (c) Rodd Goldman; (d) Roger Greenfield; (e) Roger Greenfield as the Trustee of the Roger Greenfield Revocable Trust; and (f) Jennifer Greenfield. The Individual Deponents are each high-level insiders that own, work, worked, and/or took assets from Debtor or one of its subsidiaries and they are believed to have information pertaining to Debtor and its assets.

12. The fifth group of entities that the Trustee seeks leave to issue subpoenas to (collectively referred to as the "*Credit Card Deponents*"; and together with the Restaurant Deponents, the Bank Deponents, the Law Firm Deponent, and the Individual Deponents, the "*Recipient Parties*") is comprised of Worldpay US, Inc. and American Express Company. The Credit Card Deponents are credit card processing companies that made numerous deposits into the Debtor's bank accounts and then, when Debtor got into financial trouble, abruptly stopped doing so. They are believed to have information pertaining to Debtor and its revenues and assets, including the identity of restaurants owned in whole or in part by Debtor, the restaurants from which the credit card payments were generated that they previously deposited into Debtor's accounts, why they stopped making such deposits into Debtor's accounts, and where the credit card payments from those restaurants are now being deposited and at whose direction.

## BASIS FOR RELIEF

13. On motion of any party in interest, the Court may order the examination of any entity on "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(a) & (b). The attendance of a person for examination and for the production of documents may be compelled in accordance with Rule 45 of the Federal Rules of Civil Procedure, which governs the issuance of subpoenas. *See also* Fed. R. Bankr. P. 2004(c) and 9016.

14. The scope of a Rule 2004 inquiry is "unfettered and broad." *See e.g., In re Washington Mut., Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009); *In re Apex Oil Co.*, 101 B.R. 92, 102 (Bankr. E.D. Mo. 1989) ("It is well established that the scope of such an investigation is broad. The exploration can be in the nature of a fishing expedition."). The scope of Rule 2004 is far broader even than the scope of discovery under Federal Rule of Civil Procedure 26. *See, e.g., In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010). The well-settled scope of discovery conducted under Rule 2004 is so fundamental to the bankruptcy process that courts have approvingly described it as a "fishing expedition." *See, e.g., Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 42 B.R. 362, 364 (S.D.N.Y. 1984); *J & R Trucking, Inc.*, 431 B.R. at 821.

15. Additionally, a Rule 2004 request concerns a proper area of inquiry when it "include[s] the examination of the debtor and third parties concerning the debtor's assets and affairs." *Id.*

16. Here, the proposed Discovery directly pertains to numerous issues relating to the Debtor's assets and ability to re-pay creditor claims, including, without limitation, the ownership, profitability, and value of associated restaurants (many of which the Debtor previously purported to own in order to obtain credit), the nature of the income and cash that was previously flowing through the Debtor's accounts (and where that cash is going now), the extent to which cash or assets were siphoned off by insiders, and many other relevant issues. The Movants seek to identify, among other things, potential avoidance actions and undisclosed assets.

## NOTICE

17.     Notice of this Motion has been given to: (a) each of the Recipient Parties; (b) the United States Trustee for the Northern District of Illinois; and (c) all parties which receive notice through the Court's ECF filing system.

18.     Movants request that the Court waive any further notice of this Motion.

19.     This request is timely pursuant to Rule 9006(d), and is made in good faith, and not for the purpose of harassment or delay.

20.     The granting of this request will not cause any party to suffer prejudice, while the denial of this request will cause Movants to suffer great prejudice.

**WHEREFORE**, CHAPTER 7 TRUSTEE BRIAN AUDETTE and GALLERIA MALL INVESTORS LP respectfully request that the court enter an order, substantially in the form attached hereto, authorizing, but not directing, the Trustee to issue subpoenas for the production of documents and/or to compel attendance at examinations, to each of the Recipient Parties, as specified above, pursuant to Fed. R. Civ. P. 30(b)(6), directing a representative of each of the Recipient Parties to appear for examination and to produce documents under Federal Rules of Bankruptcy Procedure 2004, at the date and time specified in the subpoenas, as requested herein, and for such other relief to which Movants are entitled.

*[Remainder of Page Intentionally Left Blank]*

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

Karen L. Hart *
Texas Bar No. 24032401
3232 McKinney Avenue, Suite 1400
Dallas, TX 75204
214/740-1444 – Telephone

**\* Admitted Pro Hac Vice**

AND

**QUERREY & HARROW, LTD**

Douglas C. Giese
ARDC #6242975
175 W. Jackson Blvd., Suite 1600
Chicago, IL  60604-2827
312/540-7552 - Telephone

**COUNSEL FOR GALLERIA MALL INVESTORS, LP**

AND

**GOLDSTEIN & MCCLINTOCK, LLLP**

By: /s/ Matthew E. McClintock
Matthew E. McClintock, Esq.
ARDC # 6280574
Daniel Curth, Esq.
ARDC # 6229090
208 LaSalle Street, Suite 1750
Chicago, IL  60604
312.337.7700

**COUNSEL FOR BRIAN AUDETTE, CHAPTER 7 TRUSTEE**