UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>CONCEPTS AMERICA, INC.<br><br>Debtor(s) | BK No.:   14-34232<br><br>Chapter: 7<br>Honorable Pamela S. Hollis |

### ORDER GRANTING TRUSTEE'S MOTION TO (A) EMPLOY GOLDSTEIN & MCCLINTOCK LLLP AS SPECIAL LITIGATION COUNSEL AND (B) APPROVE POST-PETITION FINANCING TO FUND LITIGATION EXPENSES

Upon the Motion of Brian Audette, the chapter 7 trustee (the "Trustee") appointed in the above-captioned bankruptcy case, for entry of an order, pursuant to sections pursuant to 11 U.S.C. §§ 327, 328 (a), 329(a), 364(c), and 364(d)(1) and Rules 2014(a) and 4001(c) of the Federal Rules of Bankruptcy Procedure, and for its Motion to Employ Goldstein & McClintock LLLP ("G&M") as Special Counsel and to Approve Post-Petition Financing to Fund Litigation Expenses; the Court having reviewed the McClintock Declaration; capitalized terms not otherwise defined herein shall have the same meaning as provided in the Motion; the Court finding that the partners, counsel, and associates of G&M who will be engaged in these cases represent no interest adverse to the Debtors' estates with respect to the matters upon which G&M is to be engaged and that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code); that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; that this proceeding is a core proceeding under 28 U.S.C. § 157(b); that venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409; that notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that under sections 327(a), 328(a), and 329 of the Bankruptcy Code and Rules 2014(a), 2016, and 5002 of the Bankruptcy Rules the Trustee is authorized to employ and retain G&M as its counsel in connection with the Special Counsel Engagement on the terms set forth in the Motion, effective as of July 24, 2015; and it is further

ORDERED that any and all fees and expenses G&M may be entitled to under the terms set forth in the Application and the G&M Engagement Letter will be paid as an administrative expense claimant in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the U.S. Trustee Guidelines, and such other procedures ordered by the Court; and it is further

ORDERED that the Litigation Funding is approved, and the Contributing Creditors are authorized to make advances to the Trustee from time to time to (a) allow the estate to reimburse G&M for out of pocket expenses incurred in connection with the engagement contemplated hereby and (b) allow the estate to fund other expenses related to the Special Counsel Engagement; and it is further

ORDERED that as adequate protection, pursuant to section 364(c) of the Bankruptcy Code, any and all amounts advanced by the Contributing Creditors as part of the Litigation Funding shall automatically constitute an allowed superpriority administrative expense claim in the above-captioned bankruptcy case (the "Superpriority Claim"), subject only to the Carveout. Except as otherwise provided in this Interim DIP Order, the Superpriority Claim will have priority over all administrative expense claims and unsecured claims against the Debtors or their estates, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 1113 and 1114 of the Bankruptcy Code, other than with respect to the amounts covered by the Carveout, which amounts include: (a) U.S. Trustee fees that may be payable, (b) fees payable to the Chapter 7 Trustee, and (c) the G&M Contingency Fee; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Enter:

Dated: 9/2/15

United States Bankruptcy Judge

**Prepared by:**
Matthew E. McClintock, Esq.
Thomas R. Fawkes, Esq.
Daniel Curth, Esq.
GOLDSTEIN & MCCLINTOCK LLLP
208 South LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2305
e-mail: mattm@restructuringshop.com

Rev: 20130104_bko