**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 14-34232 |
| CONCEPTS AMERICA, INC., ) | |
| ) | Honorable Pamela S. Hollis |
| Debtor. ) | |
| ) | Chapter 7 |

## APPLICATION TO SET HEARING ON EMERGENCY MOTION

Brian Audette, solely in his capacity as the chapter 7 trustee ("*Audette*" or the "*Trustee*") in the chapter 7 case of Concepts America, Inc. ("*Concepts*" or the "*Debtor*"), pursuant to Amended General Order 12-01, brings this application (the "*Application*") to set an emergency hearing on the *Chapter 7 Trustee's Emergency Motion to compel the Turnover of Key Control Information (as defined in the Emergency Motion) Needed to Allow the Trustee to Enforce his Decision to Change Management of the Debtor's Subsidiaries* (the "*Emergency Motion*"). In support of the Application, the Trustee respectfully states as follows:

## MOTION

1. On September 19, 2014 (the "*Petition Date*"), the Debtor was placed into involuntary bankruptcy by its creditors under chapter 7 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*"). On November 18, 2014, an order for relief under the Bankruptcy Code was entered by the Court [Docket No. 11].

2. On January 20, 2015, the Office of the United States Trustee filed a Report of Undisputed Election appointing Audette as the Trustee [Docket No. 37]. Audette accepted his appointment as Trustee on January 27, 2015 [Docket No. 38].

3. The Debtor's schedules disclose that the Debtor owns 100% of the membership

interests in Holding.  *See* Schedule B at item 13 [Docket No. 15].  Holding in turn owns 100% of the stock of: (a) 33 Restaurant, Inc. ("*33 Corp.*"), the owner of a "Grillroom" restaurant located at 33 W. Monroe St., Chicago, IL ("*Grillroom*") and (b) 111 Wacker Restaurant Corp. ("*111 Corp.*"; and together with 33 Corp., the "*Restaurant Entities*"), the owner of a "Townhouse" restaurant located at 111 S. Wacker Drive, Chicago, IL ("*Townhouse*," and together with Grillroom, the "*Restaurants*").

4.  As discussed in detail in the Emergency Motion, documents received by the Trustee on January 22, 2016, together with documents received in December, 2015, have revealed that the current manager of Holdings, a limited liability company defined as "Management" in the Emergency Motion, is allowing the Restaurant Entities to be operated unprofitably.  And the apparent cause of that unprofitability is that both entities are making tens of thousands of dollars in payments each month that appear to be (a) unnecessary and/or unrelated to the operation of the Restaurants; (b) exorbitant and/or wasteful; and/or (c) made for the benefit of Management's principals (defined in the Emergency Motion as "Kasemir" and "Greenfield").  Kasemir and Greenfield are also the owners of the Debtor.  So in other words, the Debtor's own principals are allowing its subsidiaries to make tens of thousands of dollars in wasteful payments every month, many of which are benefitting them.

5.  The Debtor, as the 100% member of Holding, has the right to replace Management.  And for the reasons more fully described in the Emergency Motion, on February 4, 2016 the Trustee's counsel informed counsel to Management that he was voting the estate's interest to remove and replace Management as the manager of Holding, effective at the start of business on Monday, February 8, 2016.  The Trustee also requested certain documents, records,

and other information necessary to manage the Restaurants (defined in the Motion as the "Control Information").

6. On February 5, 2016, counsel for Kasemir and Greenfield, informed the Trustee that Management (*i.e.* Kasemir and Greenfield) would not be willing to turn over management of Holdings (and thus, the Restaurants) to the Trustee. Thus, the Trustee is seeking to have the Emergency Motion heard on an emergency basis in order to have management of the Restaurants turned over to the Trustee, for the benefit of the Debtor's estate.

7. The Emergency Motion must be heard on an emergency basis, because, as set forth more fully in the Emergency Motion, the Trustee is concerned that the Debtor (and certain related entities, including the Debtor's principals) are dissipating assets of the Restaurants (and thus the Debtor's estate). As detailed in the Emergency Motion, the Restaurant Entities appear to be making tens of thousands of dollars in wasteful or inappropriate payments each month – so every day is critical. Moreover, given the scope of the mismanagement the Trustee has become aware of, as well as the risk that inventory or cash could be further depleted in light of the Trustee's efforts to wrest control (among other things, Kasemir and Greenfield own other nearby restaurants), time is of the essence.

8. Accordingly, without these matters being heard on an emergency basis, the Debtor's estate and its creditors will likely be irreparably harmed, as estate assets will almost certainly continue to deplete (especially once Kasemir, Greenfield, and related entities are aware that the Restaurants may no longer be a long-term source of revenue for them).

9. The Emergency Motion is being brought today, because the Trustee received the last batch of discovery necessary to bring the Emergency Motion on January 22, 2015 and recently finished reviewing documents. After giving the Debtor, Kasemir, and Greenfield time

to comply with voluntary turnover of the management of the Restaurants, the Trustee brought this Motion in a very timely manner. The Trustee did not even have the information to bring, much less could have reasonably foreseen the necessity of, the Emergency Motion prior to February 4, 2015 (the date that Trustee's counsel sent correspondence to Kasemir and Greenfield requesting voluntary compliance with his turnover request), and in fact it was not until the afternoon of February 5, 2016 (Friday) that the Trustee learned that Kasemir and Greenfield would be refusing to comply voluntarily. Thus, a hearing on an emergency basis is entirely proper.

## TIMING OF HEARING

10. The Trustee is very concerned about the timing on this Emergency Motion. In order to ensure that the Debtor and any related entities do not dissipate any more of the estate's assets, the Trustee requests that a hearing be set as soon as possible.

11. The Trustee is thus requesting that a hearing on the Emergency Motion be held on an emergency basis, ideally on Tuesday, February 9, 2016.

**WHEREFORE**, the Trustee respectfully requests that the Application be granted and that a hearing on the Emergency Motion be set for Tuesday, February 9, 2016.

Dated:  February 8, 2016

Respectfully submitted,

**Brian Audette, solely in his capacity as Chapter 7 Trustee in the Chapter 7 Case of In re: Concepts America, Inc.**

By: */s/ Matthew E. McClintock*
     One of his attorneys

Matthew E. McClintock
Thomas R. Fawkes
Daniel C. Curth
**GOLDSTEIN & MCCLINTOCK LLLP**
208 S. LaSalle Street
Suite 1750
Chicago, IL  60604
312.337.7700
e-mail: mattm@goldmclaw.com

*Counsel to the Chapter 7 Trustee*